Filed

FEB 28 2024
CLERK, US BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Tampa DIVISION

28 Pages Scanned by EM

Official Form 416A (12/15)

## Form 416A.  CAPTION (FULL)

# United States Bankruptcy Court

*Via Email @*
*6:56 pm*

**MIDDLE**_____    District Of **FLORIDA**_____

| | |
|---|---|
| In re  **HENRY BADAAN**_____,<br>*[Set forth here all names including married,<br>maiden, and trade names used by debtor within<br>the last 8 years.]*<br><br>          **Debtor**<br><br>Address  **3906 WEST PLATT STREET**_____<br><br>**TAMPA FL 33609**_____ | Case No.<br>8:24-00197-RCT_____ |
| Last four digits of Social-Security or Individual<br>Tax- Payer-Identification (ITIN) No(s)., (if any):   0035____<br><br>_____<br><br>Employer's Tax Identification No(s). (if any):  _____<br><br>_____ | Chapter<br>13_____ |

*[Designation of Character of Paper]*

## HEARING REQUEST

All exhibits submitted. Having trouble finding new attorney. Please schedule hearing because i am very concerned. I am unaware of activity in this case. If possible, please email any hearing dates or notices to henrybadaan@gmail.com Please advise if anything further is needed.

Thank you,
Henry Badaan

DocuSign Envelope ID: E1CD0701-0FCA-419A-A074-5723958B589A
Filing # 189801683 E-Filed 01/16/2024 11:20:35 AM

**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**
**CIVIL DIVISION**



RANDY FREEMAN,
    Plaintiff,

v.

HENRY BADAAN., et al,
    Defendants.

Case No. 21-CA-5298
Division: L

_____/

## SUGGESTION OF BANKRUPTCY

HENRY BADAAN, by and through the undersigned counsel[1], suggests as follows:

1.    On JANUARY 16, 2024, HENRY BADAAN filed a petition for relief under Title 11, United States Code, in the Bankruptcy Court for the Middle District of Florida and was assigned case number **8:24-bk-00197.**

2.    Pursuant to 11 U.S.C. § 362(1), the filing of a petition operates as a stay against the continuation of any judicial proceedings affecting the debtor or property of the estate.

3.    Pursuant to 11 U.S. Code § 547(b)(4)(a), any garnishments seized by a creditor, or being held by employer, which occurred in the 90-day period immediately before the filing of this case, shall be released or refunded to the debtor immediately, as those payments are deemed preferences under this rule.

WHEREFORE, Defendant suggests that all activity and deadlines in this matter be Stayed until further order of the Bankruptcy Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic mail to jfabian@shumaker.com, and all registered parties in the Florida e-Filing Portal

/s/ Jay M. Weller
Jay M. Weller, Esquire
FBN: 985856
25400 US Hwy 19 North Ste. 245
Clearwater, FL 33764
Telephone: 727.539.7701
Facsimile: 727.524.3850
Email: jweller@wellerlegalgroup.com

---

[1] The filing of this suggestion is for informational purposes only and should not be construed in any way as a notice of general or special appearance on behalf of any party or parties in this matter.

Filing # 190068825 E-Filed 01/18/2024 07:53:49 PM



### IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
### IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

RANDY FREEDMAN,

      Plaintiff,

vs.

BIG CAT GEAR LLC, a Florida Corporation
and HENRY BADAAN, an individual,

      Defendants

_____/

HENRY BADAAN, individually, and Derivatively
on behalf of BIG CAT GEAR LLC,

      Counter-Plaintiff,

vs.

RANDY FREEDMAN, individually, and
YEN-TEES, INC., an Inactive Florida limited
liability company,

      Counter-Defendants.

vs.

BIG CAT GEAR LLC, a Florida corporation,

      Nominal Counter-Defendant.

_____/

CASE NO.: 21-CA-005298
DIVISION: L

### DEFENDANT HENRY BADAAN'S MOTION TO STRIKE OR IN THE ALTERNATIVE RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT [DKT. 459][1]

Defendant, Henry Badaan (**"Badaan"**) hereby files this Motion to Strike or in The

Alternative Response in Opposition to Plaintiff, Randy Freedman's (**"Plaintiff"** or **"Freedman"**),

---

[1] Although the undersigned believes that an automatic stay is imposed in this case relating to Defendant, Henry Badaan, in light of the Suggestion of Bankruptcy filed on January 16, 2024 [Dkt. 509] by bankruptcy counsel for him, this Motion to Strike/Response is being filed based upon statements this Court made during the hearing on January 16, 2024. After the Court continued the hearing on the scheduled motions set to be heard on January 16, 2024, the undersigned asked this Court whether the current case deadlines and hearings scheduled would also be continued/stayed as a whole in light of the Suggestion of Bankruptcy and this Court stated no, implying the case is continuing. This Court also stated that it would consider relief associated with the Suggestion of Bankruptcy or the motions that were continued, during a UMC or other hearing time before or during the pre-trial conference in February, further implying the case is continuing. Therefore, the filing of this Motion to meet today's deadline, is not a willful or intentional violation of any automatic stay or to be deemed a waiver of any rights or protections afforded to Defendant/Debtor, Henry Badaan, associated with his Suggestion of Bankruptcy.

Page 1 of 8

Second Motion for Partial Summary Judgment as to Defendant Henry Badaan's First Affirmative Defense and Finding that Henry Badaan is a member of Defendant Big Cat Gear LLC (the "**Motion**") [Dkt. 459], filed on December 4, 2023, and in support thereof states the following:

## SUMMARY OF RELIEF

Freedman's Motion should be stricken or in the alternative, denied for the following three reasons: (1) Plaintiff's Motion is procedurally defective and/or the relief requested is moot because it relates to a pleading that has been superseded, amended and/or an affirmative defense that has been withdrawn, with appellate rights reserved; (2) this Court cannot rely upon its Judgment entered on Badaan's initial First Affirmative Defense based upon res judicata or other grounds because of the disputed material facts relating to same and detailed herein; and (3) for all the reasons asserted in Badaan's previously filed Response in Opposition to Plaintiff's Motion for Partial Summary Judgment as to Defendant Henry Badaan's First Affirmative Defense and Finding that Henry Badaan is a Member of Defendant, Big Cat Gear, LLC [Dkts. 358-360], filed on June 30, 2023; and Badaan's Notice of Filing Summary Judgment Evidence [Dkt. 362], filed on July 7, 2023, that is relied upon and incorporated herein.

Finally, Badaan asked counsel for Plaintiff to withdraw Plaintiff's Second Motion for Partial Summary Judgment but did not receive a response. Consequently, in addition to the relief requested herein, Badaan respectfully requests that this Court award him his reasonable attorneys' fees and costs in having to respond to Plaintiff's Second Motion for Partial Summary Judgment, should Badaan prevail against Plaintiff's Motion.

## RELEVANT BACKGROUND

1.	As an initial matter, Plaintiff is seeking partial summary judgment on an affirmative defense that was asserted in Badaan's Answer, Affirmative Defenses, and Verified Counterclaim,

Page 2 of 8

filed **on November 29, 2023** [Dkt. 455] ("**Old Answer/Affirmative Defenses**") to Plaintiff's Amended Complaint [Dkt. 440].

2.    However, Badaan filed a Notice of Withdrawal of his First and Sixth Affirmative Defense to Plaintiff's Amended Complaint, **on December 26, 2023** [Dkt. 489], and subsequently filed an Answer, Affirmative Defenses to Plaintiff's **Second Amended Complaint** and Verified Amended Counterclaim, filed **on January 5, 2024** ("**Operative Answer/Affirmative Defenses**") [Dkt. 502].

3.    Consequently, Plaintiff is seeking relief on the Old Answer/Defenses – that is - a pleading that has been amended, superseded and/or an affirmative defense that has been withdrawn.

4.    On July 20, 2023, the Court held a hearing on Plaintiff's Motion for Partial Summary Judgment as to Defendant's First Affirmative Defense [Dkt. 344].

5.    On August 23, 2024, the parties submitted competing proposed orders and this Court adopted – verbatim - Plaintiff's proposed Judgment on Defendant Henry Badaan's First Affirmative Defense [Dkt. 383], in favor of Freedman.

6.    Said Judgment is a nonfinal order, so Badaan has reserved all appellate rights relating to said affirmative defense.

7.    On October 31, 2023, Freedman filed an Amended Complaint [Dkt. 440].

8.    On November 29, 2023, Badaan filed his Answer, Affirmative Defenses, and Verified Counterclaim to Plaintiff's Amended Complaint [Dkt. 445].

9.    On December 4, 2023, Freedman filed a Motion for Leave to Amend Complaint and Withdraw Demand for Jury Trial [Dkt. 458] ("**Motion for Leave to File Second Amended Complaint**").

10.    That same day, Plaintiff filed his Second Motion for Partial Summary Judgment as to Defendant Henry Badaan's First Affirmative Defense and Finding that Henry Badaan is a member of Defendant Big Cat Gear LLC, against Badaan's November 29, 2023 Answer to Freedman's Amended Complaint.

11.    The Court held a hearing on Freedman's Motion for Leave to File Second Amended Complaint on December 18, 2023, and entered an Order Granting same on December 21, 2023.

12.    On December 26, 2023, Badaan filed a Notice of Withdrawal of his First and Sixth Affirmative Defenses [Dkt. 489] to Plaintiff's Amended Complaint.

13.    On January 5, 2024, Badaan filed his Answer, Affirmative Defenses to Plaintiff's Second Amended Complaint and Verified Amended Counterclaim [Dkt. 502].

## LEGAL ARGUMENT

I.    **Plaintiff's Motion is procedurally defective and/or the relief requested is moot because it relates to a pleading that has been superseded, amended and/or an affirmative defense that has been withdrawn, with appellate rights reserved.**

As detailed above, Badaan filed a Notice of Withdrawal of his First and Sixth Affirmative Defense to Plaintiff's Amended Complaint, on December 26, 2023 [Dkt. 489], and subsequently filed his **Operative Answer/Affirmative Defenses")** [Dkt. 502]. Consequently, Plaintiff is improperly seeking relief on the Old Answer/Defenses – that is - a pleading that has been amended, superseded and/or an affirmative defense that has been withdrawn. In addition, although Badaan reserved his appellate rights relating to his affirmative defenses, he did not assert the affirmative defense at issue in Plaintiff's Motion in his Operative Answer/Affirmative Defenses. Notably, Freedman is aware of this procedural defect as Badaan raised a similar legal argument in his Motion to Strike and Response in Opposition to Freedman's Motion for Summary Judgment as to Counts II and III, which was granted by this Court. Freedman cannot seek relief on the Old

Answer/Affirmative Defenses because "[A]n original pleading is superseded by an amendment of it which does not express an intention to save any portion of original pleading." *Rice v. Clement*, 184 So. 2d 678 (Fla. 2nd DCA 1966). Badaan's Old Answer/Affirmative Defenses was not saved because his Operative Answer/Affirmative Defenses are controlling at this time.

Notably, Badaan asked counsel for Plaintiff to withdraw Plaintiff's Second Motion for Partial Summary Judgment but did not receive a response. Freedman is aware of the procedural defects. Consequently, in addition to the relief requested herein, Badaan respectfully requests that this Court award him his reasonable attorneys' fees and costs in having to respond to Plaintiff's Second Motion for Partial Summary Judgment, should Badaan prevail against Plaintiff's Motion.

**II.    This Court cannot rely upon its Judgment entered on Badaan's initial First Affirmative Defense based upon res judicata or other grounds because of the Disputed material facts relating to same and detailed herein.**

Even if this Court does not strike or deny Plaintiff's Motion for the reasons stated above, this Court should deny Plaintiff's Motion on substantive legal grounds because a careful review and interpretation of the Membership Interest Transfer Power document does not support the interpretation made in this Court's Judgment entered on August 23, 2023, granting Plaintiff's Motion for Partial Summary Judgment as to Badaan's First Affirmative Defense asserted in his Answer, Affirmative Defenses and Verified Counterclaim [Dkt. 125], filed on January 10, 2022.

Specifically, Badaan does not disagree that the Membership Interest Transfer Power is not ambiguous.[2] However, Badaan disagrees with this Court's interpretation that the language "to transfer" is operative in said agreement to indicate that the Membership Interest Transfer Power did not effectuate a current transfer.[3] In fact, this is an interpretation that Plaintiff never even advocated in his initial or current Motion. Plaintiff's position is reliant upon the promissory note

---

[2] *See* paragraph 7 of this Court's Judgment [Dkt. 383].
[3] *Id.*

Page 5 of 8

and other security documents. Moreover, a trial court is not authorized to become a party's advocate and raise a legal issue sua sponte. See *DiGiovanni v. Deutsche Bank Nat'l Tr. Co.*, 226 So.3d 984, 988 (Fla. 2d DCA 207) (holding that trial court must maintain neutrality and cannot become a participant in proceedings, and exceeded its authority in independently investigating facts); *Connelly v. Matthews*, 899 So.2d 114, 1143 (Fla. 4th DCA 2005) (holding, where trial judge raised issue no party had raised about note, "The role of trial judges does not allow them to become advocates for one side or the other, and especially not in a nonjury trial where the judge is the decider of the claims and defenses of the parties"). Thus, this Court erred in raising and ruling on the basis of arguments that Plaintiff never raised and Plaintiff's Motion should be denied, allowing Badaan's First Affirmative Defense to remain for trial.

In addition, this Court ignored the plain language in the unambiguous Membership Interest Transfer Power that **"Henry Badaan, does hereby assign and transfer unto Randy Freedman** five hundred (500) Units of Big Cat Gear, LLC..." (emphasis added) – another position advocated by Badaan. This Court cannot ignore this first section and language of the document when focusing on the "to transfer" document that is in the second part of the document. Also, this Court further ignored that Badaan signed, dated, and executed the document on and effective February 10, 2017 – another position that Badaan advocated. Again, this Court cannot ignore these plain undisputed facts contained in the face of the Membership Interest Transfer Power. Consequently, there is a different inference that can be drawn from the unambiguous document and when conflicting legal inferences may be drawn as to the effect of undisputed facts, the issue is not properly subject to summary adjudication, and **may be resolved only after trial.**[4] Finally, as to the use of "to" in front

---

[4] *Drish v. Mannen*, 393 So.2d 63 (Fla. 3d DCA 1981) (emphasis added).

of the verb "transfer", referring to a future event, this is an improper interpretation that defies how infinitive verbs are commonly used in the English language and, thus, a disputed material fact.

Based upon the foregoing, Plaintiff's Motion should be denied, and this Court should consider, at trial, Badaan's affirmative defense that he was not a member of Big Cat Gear, LLC, after February 10, 2017.

III.   **For all the reasons asserted in Badaan's previously filed Response in Opposition to Plaintiff's Motion for Partial Summary Judgment as to Defendant Henry Badaan's First Affirmative Defense and Finding that Henry Badaan is a Member of Defendant, Big Cat Gear, LLC [Dkts. 358-360], filed on June 30, 2023; and Badaan's Notice of Filing Summary Judgment Evidence [Dkt. 362], filed on July 7, 2023, that is relied upon and incorporated herein.**

In the event the hearing currently set for February 8, 2024 moves forward, Badaan hereby adopts and incorporates herein his Response in Opposition to Plaintiff's Motion for Partial Summary Judgment as to Defendant Henry Badaan's First Affirmative Defense and Finding that Henry Badaan is a Member of Defendant, Big Cat Gear, LLC [Dkts. 358-360], filed on June 30, 2023; and Badaan's Notice of Filing Summary Judgment Evidence [Dkt. 362], filed on July 7, 2023.

## CONCLUSION

Based upon the foregoing, Badaan respectfully requests that this Court grant his Motion to Strike or in The Alternative Response in Opposition to Plaintiff's Motion, grant Badaan his reasonable attorneys' fees and costs in having to respond to Plaintiff's procedurally defective Motion, grant all other relief requested herein, and that this Court deems just and proper.

## GOOD FAITH CERTIFICATION

In accordance with Local Rule 3.7, counsel for Defendant hereby certifies that she attempted to confer with counsel for Plaintiff who did not respond or state a position with regard to the relief requested herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of January, 2024, I electronically filed the foregoing with the Clerk of Court by utilizing the Florida Courts E-Filing Portal, which will send a notice of electronic filing to all counsel of record.

**IURATO LAW FIRM, PL**

*s/Jenay E. Iurato*
**JENAY E. IURATO**
Florida Bar No. 0521981
10012 N. Dale Mabry Hwy., Suite 213
Tampa, Florida 33618
T: 813.898.2818 / F: 813.388.4572
Email: jenay@iuratolawfirm.com
Alt. Email: nicole@iuratolawfirm.com
Alt. Email: kelly@iuratolawfirm.com
*Attorneys for Defendant, Henry Badaan*

Page 8 of 8

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

**RANDY FREEDMAN,**

      **Plaintiff,**

**v.**                                      **Case No.: 21-CA-5298**
                                               **Division: L**

**BIG CAT GEAR LLC, a Florida corporation
and HENRY BADAAN, an individual,**

      **Defendants.**

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE (DKT.444)

This matter came before the Court during a hearing on Tuesday, November 28, 2023, upon Plaintiff, Randy Freedman's ("Plaintiff") Motion for Summary Judgment on Counts II and III (Dkt. 415) (filed Sept. 28, 2023), and Defendant, Henry Badaan's ("Badaan") Motion to Strike or in the alternative Response and Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (Dkt.444) ("Motion to Strike") (filed Nov. 8, 2023).  The Court having considered Plaintiff's Motion for Summary Judgment and Badaan's Motion to Strike, reviewed the record, heard oral argument, and otherwise being fully advised of this matter, it is **ORDERED and ADJUDGED** that:

1.    The Motion to Strike  is **GRANTED**, without prejudice, for Plaintiff to renew summary judgment on counts II and III of his subsequently amended complaint.

      **DONE AND ORDERED** in Chambers in Hillsborough County, Florida, on this _____ day of January, 2024.

21-CA-005298 1/22/2024 9:41:38 AM
21-CA-005298 1/22/2024 9:41:38 AM
_____
The Honorable Darren D. Farfante

Conformed Copies: Counsel of Record via Florida E-Filing Portal



DocuSign Envelope ID: E1CD0701-0FCA-419A-A074-5723958B589A
Filing # 190156526 E-Filed 01/19/2024 05:22:37 PM

## IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

RANDY FREEDMAN,

      Plaintiff,

vs.

BIG CAT GEAR LLC, a Florida Corporation
and HENRY BADAAN, an individual,

      Defendants

                              /

HENRY BADAAN, individually, and Derivatively
on behalf of BIG CAT GEAR LLC,

      Counter-Plaintiff,

vs.

RANDY FREEDMAN, individually, and
YEN-TEES, INC., an Inactive Florida limited
liability company,

      Counter-Defendants.

vs.

BIG CAT GEAR LLC, a Florida corporation,

      Nominal Counter-Defendant.

                              /

CASE NO.: 21-CA-005298
DIVISION: L

## MOTION TO WITHDRAW AS COUNSEL
## FOR DEFENDANT/COUNTER-PLAINTIFF, HENRY BADAAN AND
## BADAAN RELATED NON-PARTIES

    Jenay E. Iurato, Esq. and Iurato Law Firm, PL (collectively "**Counsel**"), as attorneys

for Defendant/Counter-Plaintiff, Henry Badaan ("**Badaan**") and Cander Trade, LLC, Badaan

& Co, LLC, HB Arms, Inc., and the following fictitious names, d/b/a's, brand names, online

merchant names, storefronts, usernames, or other identifies: Cander Trade LLC, HB Arms,

Inc., and Badaan & Co, LLC, and the following fictitious names, d/b/a' s, brand names, online

merchant names, storefronts, usernames, or other identifiers: Imports America, Imports

Florida, Enhanced Arms, Westchase, Ivory Grips, Luxury Grips, Modular Gun Grips, Grips

America, and Tek Tactical (collectively "**Badaan Related Non-Parties**"), pursuant to Florida

Page 1 of 4

DocuSign Envelope ID: E1CD0701-0FCA-419A-A074-5723958B589A

Rules of General Practice and Judicial Administration 2.505(f)(1), hereby move this Honorable Court for the entry of an Order permitting Counsel's withdrawal from further representation of Badaan and Badaan Related Non-Parties in this action. In support thereof, the undersigned states as follows:

1. On or about April 19, 2021, Counsel was retained to represent Badaan, pursuant to an engagement agreement, relating to Plaintiff's claims made pre-suit and in this action.

2. Similarly, Counsel was retained to represent the Badaan Related Non-Parties.

3. On January 16, 2024, Badaan filed a Suggestion of Bankruptcy in this action ("**Bankruptcy**"), attached hereto and incorporated herein as **Exhibit A**.

4. Badaan is represented by different counsel in the Bankruptcy and the undersigned did not learn about the Bankruptcy until receipt of the notice of same filed in this action.

5. To the extent the automatic stay associated with the Bankruptcy and this action is lifted, it is our understanding said counsel will be representing Badaan.

6. In light of the Bankruptcy, and Badaan and the Badaan Related Non-Parties' failure to fulfill the terms of their respective engagement agreements, Counsel cannot effectively represent Badaan and the Badaan Related Non-Parties.

7. Prior to the Bankruptcy, Badaan and the Badaan Related Non-Parties were provided reasonable warnings relating to their respective unfilled contractual obligations and knew and understood that Counsel would be forced to withdraw if not resolved as agreed.

8. Counsel, Badaan and the Badaan Related Parties attempted to resolve these matters but in light of the foregoing, further representation will result in further unreasonable financial burden on Counsel, resulting in irreconcilable differences.

DocuSign Envelope ID: E1CD0701-0FCA-419A-A074-5723958B589A

9.      Withdrawal under these circumstances is permissible and may be accomplished without material adverse effect on the interests of Badaan and the Badaan Related Non-Parties. *See* Rule 4-1.16(b)(1), (3), (4), and (5), *Rules Regulating the Florida Bar.*

10.     Badaan and the Badaan Related Non-Parties consent to this withdrawal as indicated by their signatures below.

11.     Badaan's address is: 3906 W. Platt Street, Tampa, FL 33609; Telephone: 305-206-6022.

12.     Following is the Badaan Related Non-Parties' contact information:

      a.      Cander Trade: 3901 W. Platt Street, Tampa, FL 33609; Telephone: 305-206-6022.

      b.      HB Arms, Inc.: 3906 W. Platt Street, Tampa, FL 33609; Telephone: 305-206-6022.

      c.      Badaan & Co, LLC: 3901 W. Platt Street, Tampa, FL 33609; Telephone: 305-206-6022.

13.     This Motion is not filed for purposes of delay, and undersigned counsel has taken all steps reasonably practicable to protect Badaan's interests.

## <u>GOOD FAITH CERTIFICATION</u>

In accordance with Local Rule 3.7, counsel for Defendant hereby certifies that her office conferred in good faith with counsel for Plaintiff; however, counsel for Plaintiff is opposed to the relief requested herein.

WHEREFORE, Jenay E. Iurato, Esq. and Iurato Law Firm, PL respectfully requests that this Court enter an Order permitting withdrawal, and grant such other relief deemed appropriate.

DocuSign Envelope ID: E1CD0701-0FCA-419A-A074-5723958B589A

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of January, 2024, I electronically filed the foregoing with the Clerk of Court by utilizing the Florida Courts E-Filing Portal, which will send a notice of electronic filing to all counsel of record.

**IURATO LAW FIRM, PL**

*s/Jenay E. Iurato*
**JENAY E. IURATO**
Florida Bar No. 0521981
Iurato Law Firm, PL
10012 N. Dale Mabry Hwy., Suite 213
Tampa, Florida 33618
Telephone: (813) 898-2818
Fax: (813) 388-4572
Email: jenay@iuratolawfirm.com
Alt: nicole@iuratolawfirm.com
Alt: kelly@iuratolawfirm.com
*Counsel for Defendant, Henry Badaan and
the Badaan Related Non-Parties*

## CONSENT TO WITHDRAWAL OF COUNSEL

Defendant/Counter-Plaintiff, Henry Badaan, individually, and as the corporate representative of the Badaan Related Non-Parties, hereby consents to the withdrawal of Jenay E. Iurato, Esq. and Iurato Law Firm, PL as counsel of record in the above-captioned matter.

Henry Badaan, individually, and as the corporate
representative of the Badaan Related Non-Parties

Filing # 190128516 E-Filed 01/19/2024 02:32:19 PM



**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION**

**RANDY FREEDMAN,**

      **Plaintiff,**

**v.**                              **Case No.: 21-CA-5298**
                                         **Division: L**

**BIG CAT GEAR LLC, a Florida corporation
and HENRY BADAAN, an individual,**

      **Defendants.**

_____/

### NOTICE OF WITHDRAWAL

      Plaintiff, Randy Freedman, by and through his undersigned counsel, gives notice of the

withdrawal of his Second Motion for Partial Summary Judgment as to Defendant Henry Badaan's

First Affirmative Defense and Finding that Henry Badaan is a Member of Defendant Big Cat Gear,

LLC (DE 459), filed December 4, 2023.

Dated: January 19, 2024.           **SHUMAKER, LOOP & KENDRICK, LLP**

                  **By:**     /s/ Jeffrey B. Fabian
                          JEFFREY B. FABIAN, ESQUIRE
                          Florida Bar No.: 85868
                          jfabian@shumaker.com (primary email)
                          ldyer@shumaker.com (secondary email)
                          JONATHAN J. ELLIS, ESQUIRE
                          Florida Bar No.: 863513
                          jellis@shumaker.com (primary email)
                          ccheaney@shumaker.com (secondary email)
                          Post Office Box 172609
                          Tampa, Florida 33672-0609
                          Telephone:  (813) 229-7600
                          Facsimile:  (813) 229-1660

                          *Attorneys for Plaintiff Randy Freedman
                          and Counter-Defendants*

#30268671v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 19, 2024, a true and correct copy of the foregoing was electronically filed with the Florida Courts E-filing Portal which will furnish copies via email to counsel all counsel of record.

/s/ Jeffrey B. Fabian
Attorney

2

#30268671v1

Filing # 190655542 E-Filed 01/26/2024 04:16:21 PM



IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

RANDY FREEDMAN,

     Plaintiff,

v.                                 **Case No.: 21-CA-5298**
                                        **Division: L**

BIG CAT GEAR LLC, a Florida corporation
and HENRY BADAAN, an individual,

     Defendants.

_____/

### PLAINTIFF RANDY FREEDMAN'S RESPONSE IN OPPOSITION TO JENAY E. IURATO AND THE IURATO LAW FIRM'S MOTION TO WITHDRAW

     Plaintiff, Randy Freedman, hereby responds to the motion to withdraw filed by Jenay E. Iurato and the Iurato Law Firm, PL's Motion to Withdraw as Counsel. This case has been pending for over two and half years, and the matter is presently set for a non-jury trial to commence on March 18, 2024. *See* Uniform Order Setting Cause for Trial and Pre-Trial (Non-Jury Trial) (Doc. 442) (Oct. 31, 2023). Permitting Badaan's counsel to withdraw at this stage would cause unreasonable delay and prejudice Freedman by delaying resolution of his claims or by requiring a bankruptcy court that is unfamiliar with this case to rule on the issues presented.

## I     BACKGROUND

     1.     In June 2021, Freedman filed suit against Badaan after discovering that Badaan was selling firearm grips in competition with Big Cat through more than a dozen different business entities, fictitious names, and online seller accounts Badaan that owned, including Cander Trade, LLC, Badaan&Co., LLC, and HB Arms, Inc. ("Competing Businesses"). Second Amended Complaint ¶¶ 6-7 ("Complaint") (Doc. 476) (Dec. 21, 2023).

1

2.      Freedman and Badaan have actively litigated this case for over two and a half years before Badaan filed a Suggestion of Bankruptcy on January 16, 2024. *See* Suggestion of Bankruptcy, Doc. 509 (Jan. 16, 2024).

3.      The parties collectively produced over 30,000 documents in discovery, and Badaan has sat for over ten depositions in his individual capacity and his various capacities as corporate representatives for Cander Trade, Badaan&Co., LLC, and HB Arms, Inc., among others. *See* Freedman's Renewed Motion for Summary Judgment (Doc. 490) (Dec. 21, 2023), Ex. 6 (Badaan Individual Deposition Transcript), Ex. 22 (Cander Trade Deposition Transcript), Ex. 25 (Badaan&Co. Deposition Transcript), Ex. 28 (HB Arms, Inc. Deposition Transcript).

4.      The extensive discovery conducted in this cases been marred with disputes. The parties have appeared before the Court for over half dozen discovery hearings, including hearings on at least December 20, 2021; January 10, 2022; January 31, 2022; February 23, 2022; July 26, 2022; August 25, 2022; and July 17, 2023.

5.      The court has heard and decided two dispositive motions. On August 23, 2023, the Court entered an order granting Freedman's motion for summary judgment as to Badaan's First Affirmative Defense in which Badaan unsuccessfully claimed that he transferred his interest in Big Cat to Freedman shortly after the company was formed. *See* Judgment on First Affirmative Defense (Doc. 382) (Aug. 23, 2023). On September 21, 2023, the court entered an order ruling in Freedman's favor on his Motion for Summary Judgment as to Count VI of the Complaint (Violation of the Wrongful Acts Doctrine). *See* Amended Judgment as to Count VI (Doc. 397) (Sept. 21, 2023).

6.      Prior to Badaan filing a suggestion of bankruptcy, the parties set a hearing on Freedman's Renewed Motion for Summary Judgment as to Counts II and III of the Complaint for

2

breach of the duty of loyalty and usurpation of corporate opportunity. *See* Notice of Hearing (Doc.

499) (Jan. 3, 2024). Freedman's pending motion for summary judgment seeks an award of

damages in the amount of $1,447,311.83 for lost sales and repayment of loans by Freedman to Big

Cat. Freedman's Renewed Motion for Summary Judgment (Doc. 490) (Dec. 21, 2023).

7.      Badaan has also filed counterclaims against Freedman that have yet to be tried. *See*

Badaan Answer, Affirmative Defenses, and Counterclaims (Doc. 502) (Jan. 5, 2023). Badaan's

counterclaims allege that Freedman himself failed to account for Big Cat property and that

Freedman breached his duty of loyalty to the company by not paying for its defense in connection

with litigation stemming from Badaan's misconduct.

8.      Given the extensive litigation before this Court and the Court's familiarity with the

parties, the evidence, and the claims at issue, Freedman filed a motion in the federal bankruptcy

court seeking to lift the automatic stay pursuant to 11 U.S.C. § 362. This Court is in the best

position to rule on the issues presented by Freedman's and Badaan's claims, which relate strictly

to matters of state law.

9.      Badaan has been represented throughout the litigation by Ms. Iurato and the Iurato

Firm, PL. Badaan's counsel is also very familiar with the claims, the parties, and the evidence in

this case. Ms. Iurato is in the best position to take this case to trial if Freedman is granted relief

from the automatic stay. Allowing Ms. Iurato to withdraw would prejudice Badaan by forcing him

to retain new counsel to take the case to trial without adequate time to become familiar with the

extensive record in this case.

10.     The only alternative would be for any newly retained counsel to request a stay or

continuance of this case that would impact the bankruptcy proceeding by delaying a determination

3

of the amount of the debt at issue in that proceeding. As a result, Freedman respectfully requests that the present motion to withdraw be denied.

## II.    DISCUSSION

11.    The bankruptcy code Section 362(d)(1) provides that a court shall grant relief from an automatic stay "for cause." Courts have interpreted the language of § 362(d)(1) to include a broad set of circumstances. *In re Mack*, 347 B.R. 911, 915 (Bankr. M.D. Fla. 2006). Whether cause exists to grant stay relief is determined on a case by case basis based upon the totality of the circumstances in each particular case. *In re Aloisi*, 261 B.R. 504, 508 (Bankr. M.D.Fla. 2001). Equitable considerations, such as balancing prejudice to the debtor against hardship to the moving party, and judicial economy considerations, are relevant in determining whether to lift the stay. *In re Mack*, 347 B.R. at 916.

12.    Here, there is cause to grant Freedman relief from a stay. Badaan filed his bankruptcy case under Chapter 13, and Badaan is permitted to proceed under Chapter 13 only so long as Badaan's combined total secured and unsecured debts are less than $2,750,000. 11 U.S.C. § 109(e). Freedman's compensatory damages claim alone is nearly $1,500,000, and Freedman has also requested an award of punitive damages. Freedman's claim aggregated with the claims of Badaan's other creditors could easily push Badaan over the debt limit for maintaining a Chapter 13 proceeding. The consequence is that Badaan will almost surely be in the position of having to contest Freedman's claims as to entitlement and the amount. Allowing this court to rule on these issues is the most efficient use of judicial resources. For at least these reasons, Freedman submits that the bankruptcy court is likely to grant relief from the stay. *In re Jimenez*, 2019 WL 10734094, at *5 (Bankr. M.D. Fla. Jan. 14, 2019) ("[I]t is appropriate to modify the stay to allow Ms. Jimenez to proceed with her case in state court . . . . The state court is familiar with the relevant issues.");

4

*In re Murray Indus., Inc.*, 121 B.R. 635, 637 (Bankr. M.D. Fla. 1990) (lifting a stay where a state

case was pending for an extended period such that "to begin this litigation anew in this bankruptcy

court . . . would certainly result in a waste of judicial resources.").

13.     If the bankruptcy court grants relief from the stay, Ms. Iurato and her firm are

uniquely suited to take this case to trial without seeking a delay that would in turn impact the

bankruptcy proceeding. A court properly denies a motion to withdraw if the withdraw would have

"hindered the ordinary functioning of the court [when] the trial date was set and there was not

ample time for the client to procure new counsel." *Brooks v. State*, 980 So. 2d 1095 (Fla. 4th DCA

2008); *see also Fondura v. State*, 940 So. 2d 489, 491 (Fla. 3d DCA 2006) (finding no abuse of

discretion in denying counsel's motion to withdraw filed on the eve of trial); *Garden v. Garden*,

834 So. 2d 190, 191 (Fla. 2d DCA 2002) (reversing because the trial court improperly permitted

counsel to withdraw "at the moment of trial").

14.     A court has significant discretion to grant or deny a motion to withdraw. *See, e.g.*,

*Fondura v. State*, 940 So. 2d 489, 491 (Fla. 3d DCA 2006). Freedman requests that the Court

exercise its discretion in this case and deny Ms. Iurato and her firm's motion to withdraw.

### III.    CONCLUSION

For the forgoing reasons, Freedman requests that the Court deny the motion to withdraw

filed by Jenay E. Iurato, Esq. and the Iurato Law Firm.

Dated: January 26, 2024.                    **SHUMAKER, LOOP & KENDRICK, LLP**

By:     /s/ Jeffrey B. Fabian
        JEFFREY B. FABIAN, ESQUIRE
        Florida Bar No.: 85868
        jfabian@shumaker.com (primary email)
        ldyer@shumaker.com (secondary email)
        JONATHAN J. ELLIS, ESQUIRE
        Florida Bar No.: 863513
        jellis@shumaker.com (primary email)
        ccheaney@shumaker.com (secondary email)

5

Tampa, Florida 33672-0609
Telephone: (813) 229-7600
Facsimile: (813) 229-1660
*Attorneys for Plaintiff Randy Freedman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 26, 2024, a true and correct copy of the foregoing

was electronically filed with the Florida Courts E-filing Portal which will furnish copies via email

to all counsel of record.

/s/ Jeffrey B. Fabian
Attorney

6



**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

RANDY FREEDMAN,

      Plaintiff,

vs.

BIG CAT GEAR LLC, a Florida Corporation
and HENRY BADAAN, an individual,

      Defendants

_____/

HENRY BADAAN, individually, and Derivatively
on behalf of BIG CAT GEAR LLC,

      Counter-Plaintiff,

vs.

RANDY FREEDMAN, individually, and
YEN-TEES, INC., an Inactive Florida limited
liability company,

      Counter-Defendants.

vs.

BIG CAT GEAR LLC, a Florida corporation,

      Nominal Counter-Defendant.

_____/

CASE NO.: 21-CA-005298
DIVISION: L

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD
DEFENDANT/COUNTER-PLAINTIFF, HENRY BADAAN AND
BADAAN RELATED NON-PARTIES**

      This matter came before the Court during a hearing on Tuesday, February 6, 2024, upon

Motion to Withdraw as Counsel for Defendant/Counter-Plaintiff, Henry Badaan and Badaan

Related Non-Parties ("**Motion to Withdraw**") (Doc. 512) (filed January 16, 2024). The Court

having considered the Motion to Withdraw, reviewed the record, heard oral argument, and

otherwise being fully advised of this matter, it is

**ORDERED and ADJUDGED** that

1.     The Motion to Withdraw is **GRANTED**.

2.      Jenay E. Iurato, Esq. and Iurato Law Firm, PL, are no longer counsel of record for Defendant/Counter-Plaintiff, Henry Badaan ("Badaan") and Cander Trade, LLC, Badaan & Co, LLC, HB Arms, Inc., and the following fictitious names, d/b/a's, brand names, online merchant names, storefronts, usernames, or other identifies: Cander Trade LLC, HB Arms, Inc., and Badaan & Co, LLC, and the following fictitious names, d/b/a' s, brand names, online merchant names, storefronts, usernames, or other identifiers: Imports America, Imports Florida, Enhanced Arms, Westchase, Ivory Grips, Luxury Grips, Modular Gun Grips, Grips America, and Tek Tactical.

3.      Badaan shall have ~~XXXXXXX(20)X~~ days until February 26, 2024 within which to retain and have new counsel appear on his behalf. Plaintiff may seek relief if Badaan fails to timely comply.

4.      All future notices, pleadings, and filings shall be served on Badaan at the address set forth below, unless and until otherwise directed in writing by new counsel.

3906 W. Platt Street<br>
Tampa, FL 33609<br>
Telephone: 305-206-6022<br>
Email Address: henrybadaan@gmail.com

Following is the Badaan Related Non-Parties' contact information:

    a.  Cander Trade: 3901 W. Platt Street, Tampa, FL 33609; Telephone: 305-206-6022.

    b.  HB Arms, Inc.: 3906 W. Platt Street, Tampa, FL 33609; Telephone: 305-206-6022.

    c.  Badaan & Co, LLC: 3901 W. Platt Street, Tampa, FL 33609; Telephone: 305-206-6022.

5.      This matter is set for a Pre-Trial Conference on Thursday, February 8, 2024; however, the Court is continuing the Pre-Trial Conference and directing counsel for Plaintiff to contact the Court following the hearing on the Motion for Stay relief to address the rescheduling of the Pre-Trial Conference.

**DONE AND ORDERED** in Chambers in Hillsborough County, Florida, on this _____

day of February, 2024.

21-CA-005298 2/15/2024 1:46:37 PM

21-CA-005298 2/15/2024 1:43:37 PM

_____
The Honorable Darren D. Farfante
Circuit Court Judge

**Copy to:**
All counsel of record

Henry Badaan (via U.S. Mail)
3906 W. Platt Street
Tampa, FL 33609

Cander Trade (via U.S. Mail)
c/o Henry Badaan
3906 W. Platt Street
Tampa, FL 33609

HB Arms, Inc. (via U.S. Mail)
c/o Henry Badaan
3906 W. Platt Street
Tampa, FL 33609

Badaan & Co, LLC (via U.S. Mail)
c/o Henry Badaan
3901 W. Platt Street
Tampa, FL 33609

Filing # 191384596 E-Filed 02/06/2024 04:08:07 PM

H

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION**

RANDY FREEDMAN,

      Plaintiff,

v.                            **Case No.: 21-CA-5298**
                                  **Division: L**
BIG CAT GEAR LLC, a Florida corporation
and HENRY BADAAN, an individual,

      Defendants.

_____/

**NOTICE OF CONTINUATION OF PRE-TRIAL CONFERENCE**

PLEASE TAKE NOTICE that the Pre-Trial Conference scheduled for **Thursday,**

**February 8, 2024** at **10:00 a.m.**, before the Honorable Darren D. Farfante has been cancelled to

be rescheduled for a later date.

Dated: February 6, 2024.        **SHUMAKER, LOOP & KENDRICK, LLP**

          By:     /s/ Jeffrey B. Fabian
                   JEFFREY B. FABIAN, ESQUIRE
                   Florida Bar No.: 85868
                   jfabian@shumaker.com (primary email)
                   ldyer@shumaker.com (secondary email)
                   JONATHAN J. ELLIS, ESQUIRE
                   Florida Bar No.: 863513
                   jellis@shumaker.com (primary email)
                   Post Office Box 172609
                   Tampa, Florida 33672-0609
                   Telephone: (813) 229-7600
                   Facsimile: (813) 229-1660
                   *Attorneys for Plaintiff Randy Freedman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 6, 2024, a true and correct copy of the foregoing was electronically filed with the Florida Courts E-filing Portal which will furnish copies via email to counsel all counsel of record.

/s/ Jeffrey B. Fabian
Attorney

2