**UNITED STATES BANKRUPTCY COURT MIDDLE
DISTRICT OF FLORIDA
TAMPA DIVISION**

In re:

HENRY BADAAN                                                    Case No: 8:24-bk-00197-RCT
                                                                                Chapter 13

    Debtor(s).
_____/

**DEBTOR'S RESPONSE TO WELLER LEGAL GROUP'S *MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEBTOR WITH NEGATIVE NOTICE* AND <u>REQUEST FOR EMERGENCY HEARING</u> AND SEEKING IMMEDIATE REINSTATEMENT OF STAY AS TO ALL CREDITORS UNTIL SUCH TIME WHICH THIS COURT CAN REVIEW THE PLEADINGS BEFORE IT**

    Debtor, Henry Badaan ("Debtor"), through undersigned counsel, requests that the Court Immediately Reinstate the Automatic Stay as to all creditors, particularly Randy Freedman, due to circumstances beyond Debtor's control, which if proved, shall show that Debtor was severely prejudiced by Weller Legal Group, PA not only through their lack of response to the email in question, but by taking absolutely no action at the Relief From Stay Hearing as to Randy Freedman, and that all subsequent actions were fruits of the poisonous tree which Debtor's own Bankruptcy attorney planted, and in support states:

1. The instant Bankruptcy case was filed on January 16, 2024, and a Suggestion of Bankruptcy was immediately filed in Case Number 21-CA-005298, Randy Freeman v. Henry Badaan, et. al., in The Circuit Court of The Thirteenth Judicial Circuit in And For Hillsborough County, Florida.

2. A Suggestion of Bankruptcy was also filed in the state case on January 16, 2024.

3. It is the Debtor's position that all pending and future activity in the state case should have been canceled immediately upon the filing of the Suggestion of Bankruptcy in the state case.

4. The docket in the instant Bankruptcy case shows a Motion for Relief from Stay that had been set to be heard on February 8, 2024.

5. The email in question clearly shows an attempt by multiple parties seeking clarification of what to do. Jay Weller is clearly copied in that email. Not once, but at least three times, as follows:

- On 1/22 Ms. Iurato sends an email with the header conveniently missing in this exhibit. She asks Mr. Weller, "*When I spoke with counsel from your office, he advised I could proceed with the motion to withdraw. If you recall, our judge, Judge Farfante, advised at our **last hearing where the Suggestion of Bankruptcy was discussed that he has concurrent jurisdiction and would allow us to schedule hearings, or he'd see us at the pretrial conference in February.**"*
    - No, no, no, absolutely not. There is proof in this very sentence of possible multiple Violations of Stay.
    - First, there should be *NO HEARING* if they are aware of the bankruptcy.
    - Second, what makes the State Court judge believe there is concurrent jurisdiction?
    - Third, but certainly not lastly pursuant to what I have ascertained in just one afternoon, THERE SHOULD BE NO PRE-TRIAL CONFERENCE or any other hearing scheduled at this point.
- On 1/24, Ms. Iurato wrote, "*Just following-up on my email below. **We have a court hearing set for Feb. 6th**, but do we need to seek relief from the stay and if so, what is most efficient way to manage*"?
    - Again, there should be NO COURT HEARINGS taking place without Relief firm Stay.
    - At least Ms. Iurato was making an effort. It is becoming clear that Mr. Badaan's Bankruptcy counsel not only let him down, but either just weren't paying attention or don't have a clue.

2

- And lastly, although likely not the last error committed, on 1/24 it is clear that someone looped Mr. Case back into the email string because he had not been included in the email on 1/22. Then he proceeds to give terrible advice. A first-year law clerk should have caught the problems identified above. However, not only does Mr. Case not catch them, he proceeds to advise, "As long as you have the debtor's consent and are not asking them to pay your pre-petition fees, I see no problem with you withdrawing."
    - The Debtor is not in a position to even begin to understand whether any consent could prejudice him.
    - Information obtained from the Debtor shows that Ms. Iruato is still charging Debtor certain fees, and even changed the name on some invoices to avoid a Stay issue. Big problem. Debtor advised Mr. Weller of this in person.
- Then, the icing on this cake of layer after layer after layer of error and failure to catch indications of problems already taking place, Mr. Case asks Mr. Weller to chime in, "Jay, if you disagree with any of what I said, please let us know."
    - The cricket's chirps echo to this day.

6. Weller's lack of response is not only unprofessional, but severely injured the debtor through its failure to take any action on behalf of debtor.
    - Why is it that Weller had time to draft his Motion to Withdraw under negative notice, but not time to Obey the Order given to him the previous day by this court first?

7. Having just come into this case, I am in review of the facts and just based upon my initial review,

       Weller Legal Group further injured the Debtor by failing to present any argument against relief from Stay as to Mr. Badaan at the hearing on 2/8/24.

8. Debtor filed a pro-se motion for contempt on 2/27/24, using the copy of the draft in his possession, which was the last draft he had reviewed with the Paralegal who was preparing it.

9. Debtor will amend and update that motion and refile with the court.

10. However, upon review of that motion, debtor inquired, "Why does is say that Ms. Iurato should have sought relief. I have an email that shows her asking Weller for advice."

11. He did, and he is correct. Why did Weller Legal Group, PA fail him so miserably?

12. Should the Court rule that there had indeed been violations of the Stay prior to February 8, the it will be clear that Weller Legal Group, PA should have caught it at that time, and it should not have been caught by a Paralegal drafting the motion weeks later.

13. Thank goodness it was caught. Weller Legal Group, PA had an undeniable Duty to dispute that motion.

14. Further, the flagrancy of the disrespect shown to this Court is blatantly displayed in Creditor's own motions prior to the Contempt Hearing, where the Creditor referred to Mr. Badaan as an "Alleged Debtor," showing a complete lack of respect towards this Court and its proceedings.

For the reasons above, and while reserving the right to present any further evidence discovered between now and this motion being heard, Debtor seeks an Immediate Reinstatement of Stay as to Randy Freedman, to prevent further Prejudice to Debtor until such time as the Court shall hear Debtor's forthcoming Amended Motion for Contempt, and for any further relief the court deems just and proper.

Respectfully submitted,

*/s/ Eugene P. Castagliuolo*
Eugene P. Castagliuolo, Esquire
Florida Bar No. 104360
Post Office Box 16301
Tampa, FL 33687-6301
(727) 712-3333
Eugene@TampaConsumerLawyer.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon all creditors listed in the Creditors' Matrix by regular first-class U. S. Mail, and electronically upon all parties registered with the CM/ECF system, on this 1st day of March, 2024.

*/s/ Eugene P. Castagliuolo*
Eugene P. Castagliuolo, Esquire
Florida Bar No. 104360
Post Office Box 16301
Tampa, FL 33687-6301
(727) 712-3333
Eugene@TampaConsumerLawyer.com